**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-1183**

———————

LESPIA KING,

                                        Plaintiff - Appellant,

JENNIFER  DONOVAN;  MALINDA  BLAND;  KRISTIN
DARNELL;  TAMARA  SPEIGHT;  ERIN  BACHINSKY;
ANGELA LINKOUS,

                                        Intervenors,

        versus

GEORGE  M.  MCMILLAN,  Sheriff,  Roanoke  City
Sheriff's Office,

                                        Defendant - Appellee.

———————

Appeal from the United States District Court for the Western
District of Virginia, at Roanoke.  Samuel G. Wilson, District
Judge.  (7:05-cv-00521-sgw)

———————

Argued: March 14, 2007                  Decided: May 4, 2007

———————

Before MICHAEL and KING, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

**ARGUED:**  Melvin Edward Williams, TERRY N. GRIMES, P.C., Roanoke,
Virginia, for Appellant.  Elizabeth Kay Dillon, GUYNN, MEMMER &
DILLON, P.C., Roanoke, Virginia, for Appellee.  **ON BRIEF:** Terry N.
Grimes, Roanoke, Virginia, for Appellant.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Six women who claim to have been sexually harassed by Sheriff George McMillan of Roanoke, Virginia, appeal the district court's order denying their motion to intervene in a Title VII suit against McMillan filed by Lespia King. For the reasons explained below, we affirm.

I.

Lespia King worked as a Deputy in the Roanoke City Sheriff's Office from August 2000 until April 2004, when she resigned because of alleged sexual harassment by Sheriff McMillan. On October 12, 2004, King filed a charge with the EEOC alleging constructive discharge as a result of harassment and discrimination. The EEOC issued a right to sue letter on June 8, 2005, and King filed this action on August 16, 2005. On September 16, 2005, King filed a motion to certify a class action. The district court denied the motion as untimely because King did not move to certify the class during the 90-day period following issuance of the right to sue letter. 42 U.S.C. § 2000e-5(f)(1).

On October 7, 2005, six women -- putative members of the class that King unsuccessfully proposed to represent -- moved to intervene in King's suit as plaintiffs. The proposed intervenors are: Tamara Speight, a former employee of Prison Health Services (PHS), an independent contractor of the Roanoke City jail, who claims that McMillan harassed her until she left her job in October

3

2001; Erin Bachinsky, a woman never employed by the Sheriff's Office who claims that McMillan harassed her during a job interview; Kristin Darnell, a former Sheriff's Office employee who claims that McMillan harassed her until she resigned in August 2002; Jennifer Donovan, a former Sheriff's Office employee who claims that McMillan harassed her until she resigned in October 2002; Angela Linkous, a former PHS employee who asserts that McMillan harassed her until her resignation in February 2003; and Malinda Bland, who claims that McMillan harassed her during her one week of employment by the Sheriff's Office in August 2004. Like King, all six of these women allege that McMillan made unwanted sexual remarks to them, groped them, and inappropriately touched them.

None of the proposed intervenors exhausted their administrative remedies by filing charges with the EEOC. The six argue they should be able to join the suit as plaintiffs because the prerequisite of filing a timely charge with the EEOC was met by King, the original plaintiff. When the other requirements for intervention are satisfied, a number of circuits allow intervenors in discrimination suits to rely on the original plaintiff's EEOC charge in lieu of requiring each to file an individual charge with the agency. See, e.g., EEOC v. Wilson Metal Casket, Co., 24 F.3d 836, 840 (6th Cir. 1994); Snell v. Suffolk, 782 F.2d 1094, 110 (2d Cir. 1986); Ezell v. Mobile Housing Bd., 709 F.2d 1376, 1381 (11th

4

Cir. 1983); DeMedina v. Reinhardt, 686 F.2d 997, 1012-13 (D.C. Cir. 1982); Crawford v. United States Steel Corp., 660 F.2d 663, 665-66 (5th Cir. 1981); Allen v. Amalgamated Transit Union Local 788, 554 F.2d 876, 882-83 (8th Cir. 1977). While our circuit has long applied this "single-filing rule" to class actions, see Chisholm v. U.S. Postal Serv., 665 F.2d 482, 490 n.11 (4th Cir. 1981), we have never decided whether the rule may be applied to intervenors. Only the Third Circuit has confined application of the single-filing rule to class actions. See Whalen v. W.R. Grace & Co., 56 F.3d 504, 507 (3d Cir. 1995).

The district court concluded that it did not have to reach the question of whether intervenors can rely on the single-filing rule because it determined that the prerequisites for applying the rule are not present in this case. First, the district court concluded that the proposed intervenors' claims were not substantially similar to King's. Second, the court concluded that King's EEOC charge did not provide sufficient notice of the collective nature of her claims. Finally, the court noted that at the time King filed her EEOC charge, the claims of all proposed intervenors, except Malinda Bland's, were time barred. The district court explained that the single-filing rule cannot be used to resuscitate stale claims.

King and the proposed intervenors appeal the denial of the motion to intervene.

II.

Under Title VII a civil suit against the respondent named in an administrative charge may be brought after administrative proceedings have ended or conciliation attempts have failed. 42 U.S.C. § 2000e-5(f)(1). The requirement to file a charge with the EEOC serves two purposes: "First, it notifies the charged party of the asserted violation. Secondly, it brings the charged party before the EEOC and permits effectuation of the Act's primary goal, the securing of voluntary compliance with the law." Alvarado v. Board of Trustees, 848 F.2d 457, 458-59 (4th Cir. 1988) (internal quotation omitted).

The single-filing rule is a judge-made exception to the requirement of administrative exhaustion. Horton v. Jackson County Bd. of County Comm'rs, 343 F.3d 897, 899 (7th Cir. 2003). In those circuits that follow it, the single-filing rule "allows plaintiffs who have not exhausted the administrative requirement of filing with the EEOC to join in a lawsuit with other plaintiffs who have exhausted the requirement, provided that all plaintiffs' claims are substantially similar and that the EEOC charge itself gave notice of the charge's collective nature." White v. BFI Waste Servs., LLC, 375 F.3d 288, 293 (4th Cir. 2004). Underlying the rule is the understanding that "[i]t would be wasteful, if not vain, for numerous employees, all with the same grievance, to have to process many identical complaints with the EEOC." Oatis v. Crown

6

<u>Zellerbach Corp.</u>, 398 F.2d 496, 498 (5th Cir. 1968). When the initial plaintiff files an administrative charge making clear that her grievance is shared by a group of similarly situated employees, the rule does not interfere with the purposes of providing notice and an opportunity for conciliation. Courts applying the rule explain that nothing is gained by duplicative administrative filings because "[i]f it was impossible for the EEOC to effectuate a settlement of the original plaintiffs' claims, there is no reason to believe that the EEOC would be successful in settling [later intervenors'] claims." <u>Foster v. Gueory</u>, 655 F.2d 1319, 1323 (D.C. Cir. 1981).

We need not decide whether to join those circuits that apply the single-filing rule to non-class actions because we conclude that the rule would not be properly applied in this case. The district court was correct in concluding that the claims of five of the six proposed intervenors are time barred. A plaintiff alleging violation of Title VII in Virginia must file a charge with the EEOC within 300 days of the alleged violation. <u>Venkatraman v. REI Sys.</u>, 417 F.3d 418, 420 (4th Cir. 2005). On the date that King filed her EEOC charge, any claims that Donovan, Darnell, Speight, Bachinsky, or Linkous might have pressed had already expired. The single-filing rule is not properly used to resurrect statutorily barred claims. <u>Cf.</u> <u>AMTRAK v. Morgan</u>, 536 U.S. 101, 113 (2002) ("[D]iscrete discriminatory acts are not actionable if time barred,

7

even when they are related to acts alleged in timely filed charges.").

This leaves only the claim of Malinda Bland. We agree with the Seventh Circuit that in most cases where there are only two complainants, the rationale underlying the single-filing rule "is attenuated to the point of non-existence." Horton, 343 F.3d at 900. In a two-complainant case, it is much more difficult to justify excusing a single intervenor from the normal administrative exhaustion requirements. Requiring a lone intervenor to file a timely charge does not impose a substantial burden on either the EEOC or the employer. Instead, requiring both the original plaintiff and a later intervenor to file their own charges is consonant with "the statutory goal of maximum possible reliance upon voluntary conciliation and administrative resolution of claims." EEOC v. Associated Dry Goods Corp., 449 U.S. 590, 602 (1981). As a result, we find no error in the district court's denial of the motion to intervene as to Bland.

The district court's order denying the motion to intervene is therefore

AFFIRMED.